**MORTGAGE LENDERS NETWORK, INC., Plaintiff,**

v.

**David J. ROSENBLUM, Defendant,**

**Travelers Casualty and Surety Company of America, Intervenor–Plaintiff.**

**David J. Rosenblum, Third Party Plaintiff,**

v.

**The Chase Manhattan Bank, Marathon National Bank of New York and Banco Popular of North America, Third Party Defendants.**

**No. CV–02–2170(ADS)(MLO).**

United States District Court, E.D. New York.

Nov. 24, 2003.

Shipman & Goodwin LLP, Stamford, CT, by: Andrew M. Zeitlin, Of Counsel, for Plaintiff Mortgage Lenders Network USA, Inc.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, by: Marian C. Rice, Of Counsel, for Defendant David J. Rosenblum.

J.P. Morgan Chase Legal Department, New York City, by: Sandra Ahn, Of Counsel, for Third Party Defendant The Chase Manhattan Bank.

Coritsidis & Lambros, New York City, by: Bryan R. Williams, Of Counsel, for Third Party Defendant Marathon National Bank.

Menicucci–Villa & Associates, PLLC, Staten Island, NY, by: Richard A. Rosenzweig, Of Counsel, for Third Party Defendants Banco Popular.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On April 9, 2002, Mortgage Lenders Network USA, Inc. ("MLN" or the "plaintiff") commenced this action against its former attorney David J. Rosenblum, Esq. (Rosenblum or the "defendant") alleging legal malpractice, breach of contract, and breach of fiduciary duty. Presently before the Court is an unopposed motion by Travelers Casualty and Surety Company of America ("Travelers") to intervene in this case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P"), or in the alternative, to be granted permissive intervention pursuant to Rule 24(b)(2).

## I. BACKGROUND

MLN is engaged in the business of providing and servicing residential mortgage loans throughout the United States. In or about 1998, MLN first retained Rosenblum to rep-

resent its interests in closing mortgage loans on behalf of MLN. Since this initial retainer, Rosenblum has closed approximately 23 loans for MLN. The complaint alleges that, despite having a duty to exercise the care, skill and diligence commonly possessed by members of the legal community and despite the obligations under the written closing instructions MLN provided to the defendant, Rosenblum breached his duty and obligation to MLN causing it to sustain substantial losses. On or about January 27, 2000, Travelers issued a financial institution bond numbered 007 F 103286156 BCM (the "Bond") to MLN that was in full force and effect at the time MLN sustained the abovementioned loss. (Eusanio Aff. ¶ 5.)

After sustaining these financial losses, MLN presented a claim to Travelers under the Bond. On or about October 3, 2002, Travelers and MLN entered into an agreement, whereby MLN, among other things, assigned any and all of its rights, claims and causes of action with respect to the Knowles Loan and the Trone Loan, two of the loans that are the subject of this action, to Travelers (the "Assignment"). (Eusanio Aff. ¶ 7.) In exchange, pursuant to the terms of the Assignment, Travelers reimbursed MLN for the losses sustained in the Knowles Loan and the Trone Loan in the amount of $166,513.16.

Travelers now seeks to intervene in this case pursuant to Rule 24(a)(2), or in the alternative, to be granted permissive intervention pursuant to Rule 24(b)(2). Travelers proposed Intervenor's Complaint, similar to MLN's complaint, asserts causes of action against Rosenblum for legal malpractice and breach of contract. Travelers' motion to intervene is unopposed.

## II. DISCUSSION

Travelers seeks to intervene as of right, or in the alternative, to intervene permissively under Rule 24. Rule 24(a)(2) provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ...

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In order to intervene as of right under Rule 24(a)(2), an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise protected. *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir.1987); *see also Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128–129 (2d Cir.2001). Failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See United States v. State of New York*, 820 F.2d at 556. The test is flexible and court generally look at all of the factors rather than focusing narrowly on any one of the criteria. *See Tachiona v. Mugabe*, 186 F.Supp.2d 383, 394 (S.D.N.Y.2002). However, failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir.2001).

As set forth below, all four factors favor intervention by Travelers in this action.

### 1. Timeliness

Among the factors to be taken into account to determine whether a motion to intervene is timely are:

(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness.

In examining the interval between the applicant's knowledge and his motion to intervene, Travelers indicates that it did not obtain any interest in this action until the Assignment was executed on or about October 3, 2002. (Eusanio Aff. Ex. 4 at ¶ 3.) The motion to intervene was filed on April 14, 2003 slightly more than six months after Travelers knew or should have known of its interest. Courts have denied intervention

due to lapse of less time than the present case. *See, e.g., NAACP v. New York,* 413 U.S. 345, 366–69, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973) (four months); *see also United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 595 (2d Cir.1986) (several months). However, because the effect that the length of time the litigation or proceeding has been pending is to be determined on a case by case basis, *see United States v. Yonkers Bd. of Educ.,* 801 F.2d at 595 (2d Cir.1986), the Court's determination will be based upon all of the circumstances of this case. *NAACP v. New York,* 413 U.S. at 365, 366, 93 S.Ct. 2591.

With respect to prejudice to existing parties, it is significant that there has been no opposition to Travelers' motion to intervene. In addition, discovery is in the initial stage with only the exchange of automatic document disclosures and limited document discovery having taken place (Eusanio Aff. ¶ 9.); the plaintiff does not object to Travelers' application to intervene and has agreed to assist Travelers with its intervention (Eusanio Aff. ¶ 10.); counsel for Travelers was invited to attend, and did attend, settlement meetings in connection with this action and a related action against the defendant (Eusanio Aff. ¶ 13.); and at the December 9, 2002 conference before United States Magistrate Judge Michael L. Orenstein, Travelers specifically advised the Court and the other parties to this action of its intention to intervene (Eusanio Aff. ¶ 12.). Accordingly there is no basis to conclude that the other parties to this action will be prejudiced by Travelers intervention.

Moreover, Travelers will suffer prejudice if it was not permitted to intervene. Specifically, because MLN assigned to Travelers, among other things, all of its rights in connection with the Knowles Loan and the Trone Loan, the plaintiff has minimal, if any, interest in pursuing any recovery in connection with those loans. The 1966 Amendment to Rule 24(a) was intended to permit intervention where "an absentee would be substantially affected in a practical sense by the determination made in an action ..." *Commack Self–Service Kosher Meats, Inc. v. Rubin,* 170 F.R.D. 93, 100 (E.D.N.Y.1996)

(quoting Advisory Committee Notes, 1966 Amendment, Federal Civil Judicial Procedure and Rules, at 104). Furthermore, there are no unusual circumstances present.

Accordingly, Travelers' application to intervene is timely.

## 2. Other Rule 24(a)(2) Requirements

As stated above, the intervener must have an interest in the action, not otherwise protected, that will be impaired from an unfavorable disposition. In other words, this interest must be "direct, substantial, and legally protectable." *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123, 129 (2d Cir.2001).

Here, it is unquestionable that Travelers has a direct interest in this action because Travelers' claims arises out of the same transaction and occurrence that is the subject of the instant case. *See Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d at 130 (stating that Rule 24(a)(2) requires "an interest relating to the property or transaction which is the subject of the action."). In particular, both Travelers and MLN present claims that, among other things, are based upon the failure of Rosenblum to fulfill his duty to MLN to exercise the degree of care, skill and diligence commonly possessed by members of the legal community with respect to similar transactions.

Furthermore, Travelers' ability to protect its interests will be impeded if it is denied intervention. Not only would there be a risk of inconsistent rulings on the same issues, but as stated above, Travelers' ability to protect its interests would be impeded if it is denied intervention. Moreover when "a proposed intervenor's interests are otherwise unrepresented in an action, the standard for intervention is no more burdensome than the standing requirement." *Id.* at 131. Thus, Travelers' standing in this action is identical to that of MLN, *see id.,* and Travelers motion to intervene in this case is, therefore, granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Travelers application to intervene in this case pursuant to Rule 24(a)(2) is **GRANTED;** and it is further

**ORDERED,** that Travelers is directed to file and serve its Intervenor's Complaint within 20 days of the date of this Order; and it is further

**ORDERED,** that the parties are directed to continue forthwith with discovery.

**SO ORDERED.**